USCA1 Opinion

 

 [NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
 United States Court of Appeals
 For the First Circuit

No. 98-2267

 UNITED STATES,

 Appellee,

 v.

 RAFAEL HERNANDEZ-ROSARIO,

 Defendant, Appellant.

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Carmen Consuelo Cerezo, U.S. District Judge]

 Before

 Torruella, Chief Judge,
 Stahl and Lipez, Circuit Judges.
 
 
 
 
 
 Olga M. Shepard on brief for appellant.
 Guillermo Gil, United States Attorney, Jorge E. Vega-Pacheco,
Assistant United States Attorney, and Camille Velez-Rive, Assistant
United States Attorney, on brief for appellee.

November 4, 1999

 
 
 Per Curiam. Rafael Hernandez-Rosario appeals from his
 sentence. He pled guilty to one count of possession with
 intent to distribute cocaine and received the statutory
 mandatory minimum sentence of ten years. Hernandez' argument
 on appeal is that the district court erred in refusing to grant
 him the benefit of the "safety valve" provision of 18 U.S.C. 
 3553(f) and U.S.S.G. 5C1.2.
 On the third day of sentencing hearings in this case,
 after hearing testimony from and questioning Hernandez and the
 Police Agent who had arrested him, the district court found
 that Hernandez had failed to meet the fifth requirement of the
 "safety valve" provision: to truthfully provide the government
 with all information and evidence that defendant has concerning
 the offense and related offenses. See 18 U.S.C. 3553(f)(5). 
 Specifically, the sentencing judge found that "the testimony of
 defendant Hernandez Rosario concerning the events surrounding
 the commission of the [offense], was not credible."
 This court "reviews for clear error the factual
 findings relating to whether a defendant has qualified for the
 'safety valve' provisions." United States v. White, 199 F.3d
 70, 73 n.6 (1st Cir. 1997). The burden is on the defendant to
 prove entitlement to the benefit of the "safety valve"
 provision. See United States v. Montanez, 82 F.3d 520, 521 (1st
 Cir. 1996). The district court did not clearly err in
 determining that Hernandez did not meet that burden. 
 The judge's finding that Hernandez did not truthfully
 recount the events surrounding the offense is amply supported
 by the record. The testimony of Police Agent Juan Carreras,
 who arrested Hernandez at the airport, was directly
 contradictory to the testimony of Hernandez with respect to two
 important facts: whether Hernandez was alone when he crossed
 through the checkpoint and whether he had luggage with him at
 that time. The investigation report prepared by another police
 agent on the day of arrest and testimony by a third police
 agent who was present at the airport during the arrest are
 consistent with Agent Carreras' version of the facts.
 Hernandez' reliance upon United States v. Miranda-
 Santiago, 96 F.3d 517 (1st Cir. 1996), is misplaced. There, we
 remanded for the district court to revisit the issue of
 application of the "safety valve" provision where the court had
 rested its decision on a "bare conclusion" that defendant had
 failed to cooperate fully, "absent either specific factual
 findings or easily recognizable support in the record."Id. at
 529-30. Here, by contrast, the district court heard testimony
 from and closely questioned Hernandez and Agent Carreras before
 making a specific factual finding that Hernandez had not told
 the truth about the events surrounding his offense. There was
 no clear error. See White, 119 F.3d at 74 (affirming sentence
 and refusal to grant benefit of "safety valve" provision where
 "district court, based on extensive evidence and after vigorous
 argumentation by counsel, made the carefully considered
 determination that White lacked credibility"). 
 Hernandez argues that his rights under the Jencks
 Act, 18 U.S.C. 3500 et seq., were violated because the
 district court refused his request to cross-examine Agent
 Carreras a second time for the purpose of using the arrest
 report to impeach his testimony at the sentencing hearing. The
 impeachment argument is that because important details included
 in Agent Carreras' testimony were omitted from the perfunctory
 arrest report prepared by him, the details must have been
 fabricated. On the basis of that impeachment evidence,
 Hernandez asks this court to vacate his sentence and remand for
 resentencing without regard to the statutory mandatory minimum
 sentence. 
 In light of the record as a whole, which includes an
 investigation report prepared on the day of the arrest and
 testimony of another police agent present at the airport at the
 time of the arrest, we conclude that the impeachment value of
 the arrest report is minimal. We need not decide whether the
 district court erred in denying Hernandez' request to cross-
 examine Agent Carreras for a second time because any such error
 was harmless. 
 The sentence is affirmed. See Loc. R. 27(c) (formerly
 Loc. R. 27.1).